**BRAZOS ELECTRIC POWER COOPERATIVE, INC.,**
**Plaintiff-Appellant,**

v.

**SOUTHWESTERN POWER ADMINISTRATION, et al.,**
**Defendants-Appellees,**

**and**

**Southwestern Power Resources Association, Inc., et al.,**
**Intervenors-Appellees.**

**No. 86–1059.**

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1987.

---

R. Coke Mills, Mills, Riley, Millar & Matkin, Waco, Tex., Robert A. Jablon, Cynthia S. Bogorad, Nancy E. Wiegers, Spiegel & McDiarmid, Washington, D.C., for plaintiff-appellant.

C. Max Vassanelli, Dept. of Justice, Civil Div., Washington, D.C., for Southwestern Power Admin., et al.

M.D. Sampels, Robert P. Oliver, Worsham, Forsythe, Sampels & Wooldridge, Dallas, Tex., for Texas Utilities Elec. Co.

Clinton A. Vince, Nancy A. Wodka, Bernhardt K. Wruble, Washington, D.C., for Rayburn Country Elec. Co-op.

Ralph J. Gillis, Hingham, Mass., for Sam Rayburn Dam Elec. Co-op., et al.

Robert D. Willis, Livingston, Tex., for Southwestern Power Resources.

William H. Burchette, Heron, Burchette, Ruckert & Rothwell, Christine C. Ryan, Mark D. Nozette, Washington, D.C., for Tex.-La. Elec.

On Petition for Rehearing and Suggestion for Rehearing En Banc (Opinion June 18, 1987, 5th Cir.1987, 819 F.2d 537)

Before GOLDBERG, RUBIN, and POLITZ, Circuit Judges.

PER CURIAM:

The comments and arguments by Brazos Electric Power Cooperative, Inc. in its petition for panel rehearing and suggestion for rehearing en banc prompt a brief response.

Brazos renews its argument that hydroelectric power was sold to Texas Utilities Electric Companies (TUEC) in violation of the preference clause of the Flood Control Act of 1944, 16 U.S.C. § 825s. We do not agree.

TUEC owns the only transmission lines available to handle Denison power for the two preference entities, Tex-La Electric Cooperative of Texas, Inc. and Rayburn Country Electric Cooperative (collectively Tex-La). Further, the output of Denison is not suitable for use by Tex-La without scheduling and firming services. The most efficacious, including cost-effective, way to transmit the Denison energy to Tex-La is by integrating it into TUEC's power grid, and assigning Tex-La an appropriate power credit. The agreement between TUEC and Tex-La provides for these operations.

TUEC receives the Denison output into its system for the account of Tex-La. In exchange for 35 MW of Denison South peaking capacity, energy in a form not usable by Tex-La, TUEC provides 15 MW of firm load factor power.

The Denison North output is obligated to back up the Whitney allocation to Brazos. Tex-La receives this fluctuating and uncertain power, again as a credit. TUEC credits Tex-La for 95% of the cost savings achieved by using Denison North output in lieu of more expensive fossil fuel peak power generators. This methodology, which also factors in compensation for transmission and scheduling services, is a commonly accepted practice in the power industry. Tex-La and its members, as preference customers, benefit from this arrangement. The argument of Brazos that the arrangement between TUEC and Tex-La violates the preference clause of the Flood Control Act is again rejected. The record does not support this contention. Although TUEC does receive economic benefit from this arrangement, we continue to believe that these benefits are reasonable under the circumstances, and do not amount to a sham sale of preference power.

Brazos further contends that the Southwestern Power Administration (SWPA) violated its 1980 Final Power Allocations by marketing Denison South power to Tex-La. To the contrary, the Final Power Allocations clearly evidenced SWPA's intent to supply Denison South power to Tex-La. 45 Fed.Reg. at 19,041 (1980). The 1984 agreement, in which SWPA transferred to Tex-La the obligation to provide for its own transmission and scheduling, is consistent with the 1980 allocations.

Further, Brazos advances a concern about what might happen in 1990 and beyond, suggesting that past allocations might be locked in place. Brazos would have us address that issue now. This we decline to do. As Brazos recognizes in its petition, proceedings obviously will be required before future allocations are made. We will not anticipate what SWPA might do when it considers that matter, and we express no opinion whatever as to what it may or should do. That is not our function in these proceedings.

The petition for panel rehearing is DENIED, and no member of this panel nor judge in regular active service having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure and Local Rules), the suggestion for rehearing en banc is DENIED.